[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this foreclosure action, the sole issue before the court at this time, is whether or not the plaintiff has proven its debt against Gary L. Pierce by a fair preponderance of the evidence.
The liability of Mr. Pierce has previously been established by summary judgment. CT Page 1668
To establish proof of the amount of the debt, the plaintiff called two witnesses, Sandra Garcia, an employee of the original holder of the notes, Shawmut Bank, and Linda Green, an employee of the mortgage servicing company for the plaintiff, the assignee of the notes and mortgage.
Both employees testified as to the employment relationship between themselves and their employers and the nature of their duties as supervisors in charge of the defendant's loan account. The two notes in question were introduced into evidence without objection (Exhibits 1 and 2). Printouts of the current account records were introduced into evidence (Exhibits 8 and 9) over objection.
The defendant claims that the plaintiff has failed to prove the debt because (1) the employees' testimony was insufficient to prove their agency, and (2) the proof of the debt, i.e. the exhibits introduced by the witness, Linda Green, the employee of the plaintiff's mortgage services were improperly admitted hearsay.
The defendant also asserts that late charges as claimed by the plaintiff are not allowable under our law.
The court finds that the plaintiff has sustained its burden of proof as to the debt.
As to the defendant's claim of lack of proof of agency, his citations do not indeed demonstrate that an agent's testimony is insufficient as a matter of law to establish proof of agency. Recently our Supreme Court in GatewayCompanies v. DiNoia, 232 Conn. 235, 241 (1995) held that the "testimony of the principal is not necessary to prove agency. The existence and extent of an agency relationship may be established by circumstantial evidence based upon an examination of the situation of the parties, their acts and other relevant information . . . The agent also may provide evidence regarding the facts and surrounding circumstances of a relationship that demonstrates the existence of an agency relationship. "
In this case, the plaintiff's witnesses presented oral testimony as to the origination of the notes and mortgage, their assignment to the plaintiff, the current status, and the amount of the debt, all from their personal knowledge as CT Page 1669 supervisors of the defendant's account.
Their testimony and the circumstantial evidence of their supervisory positions for the principals clearly establishes them as agents well-qualified to testify on behalf of their employers.
The defendant's second theory of defense is the inadmissibility of the exhibits detailing the history of the loan payments.
The documents were admitted pursuant to the business entry statute (Gen. Stats § 52-180). Moreover, they were admissible as demonstrative evidence or records prepared to aid the court in understanding the evidence presented as to the debt. See State v. Randolph, 190 Conn. 576, 582 (1983),Fasanelli v. Terzo, 150 Conn. 349, 360 (1962). Because they were computer printouts does not detract from their validity and qualifications as business records. Shawmut Bank CT, NAv. Limousine Service Inc., 40 CA 268, 276 (1996), citingAmerican Oil Companies v. Valenti, 179 Conn. 349, 350 (1979).
Even if these exhibits were inadmissible, the evidence presented through the oral testimony of these witnesses was sufficient to establish the debt because the court finds it credible and detailed enough to establish proof of the debt.
Thirdly, the defendant contends that the late charges claimed after acceleration of the note are not allowable. The Appellate Court has recently ruled that such charges are prohibited after acceleration and, therefore, the plaintiff is not entitled to them after that date which appears to be August 4, 1993 Federal Deposit Ins. Corp v. Napert-BoyerPartnership, 40 Conn. App. 434, 443-444 (1996).
The court therefore finds the debt to be established as follows:
Note A:
Principal balance $ 839,884.18
 Interest 6/1/93-2/29/96 176,797.34
 Escrow balance 1,981.96 ______________
$ 1,270,218.48 CT Page 1670
Note B:
Principal balance $ 201,599.40
 Interest 6/1/93-2/29/96 42,291.25
 Escrow balance 475.76 ______________
$ 244,366.41
 Grand Total Debt as of February 29, 1996 $ 1,514,584.89
A judgment of strict foreclosure and possession may enter. The court sets a law day of March 25, 1996. The award of costs and attorney's fees is deferred by agreement of the parties until the conclusion of the deficiency judgment hearing
Freed, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 1675